# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 WEST CAPITOL AVENUE, SUITE D-469
LITTLE ROCK, ARKANSAS 72201-3325

**J. LEON HOLMES**  
UNITED STATES DISTRICT JUDGE

(501) 604-5380  
FAX: (501) 604-5389

March 12, 2014

| | |
|---|---|
| Scott E. Poynter | Lyn Peeples Pruitt |
| Corey Darnell McGaha | Adria W. Conklin |
| John G. Emerson, Jr. | Anton Leo Janik, Jr. |
| William Thomas Crowder | MITCHELL, WILLIAMS, SELIG, GATES & |
| EMERSON POYNTER LLP | WOODYARD, PLLC |
| | |
| James Clark Wyly | Michelle P. Cullen |
| Sean Fletcher Rommel | CHESAPEAKE ENERGY CORPORATION |
| WYLY-ROMMEL, PLLC | |

David D. Wilson  
FRIDAY, ELDREDGE & CLARK, LLP

Re:   No. 4:13CV00184, *Mahan, et al. v. Chesapeake Operating, Inc.; and BHP Billiton Petroleum (Fayetteville), LLC*

Dear Counselors:

I have reviewed the joint motion for appointment of Sandra Greene as Special Administrator of the Estate of Roger Greene, Deceased, and for substitution of Sandra Greene, Special Administrator, as the proper party in this civil action in place of Roger Greene, Deceased. I note that in seeking appointment of Sandra Greene as Special Administrator of the Estate of Roger Greene, you cite Fed. R. Civ. P. 25 and Ark. R. Civ. P. 25(a)(3). The Arkansas rule provides that the Court may appoint a special administrator; the federal rule says nothing about the Court having the authority to appoint a special administrator. The Court is obligated to follow the federal rules with respect to procedures, not the state rules. *In re Baycol Products Litigation*, 616 F.3d 778, 785 (8th Cir. 2010).

In that same opinion, the Eighth Circuit stated:

[A] person may be a "successor" under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.

*Id*. at 784-85 (citations omitted). Based on the very limited information contained in the joint motion,

I cannot tell whether Sandra Greene is a "successor" under Rule 25(a)(1) or under any of these three alternatives articulated by the Eighth Circuit. Of course, if Sandra Greene is appointed as executrix of the Estate of Roger Greene, then she would be a proper party for substitution. *Gronowicz v. Leonard*, 109 F.3d 624, 626 (S.D.N.Y. 1986).

      I will need more information before I can rule on the joint motion. Please review the *Baycol* case and the *Gronowicz* case, or any other authority that you think is helpful, and provide the information that I need in order to make a correct decision on the motion for substitution under Rule 25.

      Respectfully yours,

      Leon Holmes

JLH/lkc